IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HELEN LEE-KHAN | § | |
| | § | |
| V. | § | A-13-CV-00147-LY |
| | § | |
| AUSTIN INDEPENDENT SCHOOL | § | |
| DISTRICT | § | |

### REPORT AND RECOMMENDATION

TO:    THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

Before the Court are: Plaintiff's Amended Complaint (Doc. No. 8); Defendant's Motion to Dismiss (Doc. No. 9); Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. No. 10); and Defendant's Reply to Plaintiff's Response to its Motion to Dismiss (Doc. No. 13). The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.**    **Background**

This case involves a dispute between Helen Lee-Khan and Austin Independent School District ("AISD") over the contract termination of Helen Lee-Khan. Plaintiff's Amended Complaint at 5. Lee-Khan, an African-American employee of AISD, was hired in May 2009 under a three year contract to be a permanent substitute counselor at Martin Middle School . *Id.* at 2, 4. Throughout her employment, Lee-Khan took part in several activities she alleges were protected. *Id.* at 5-9. During the 2010-2011 school year, AISD's Board of Trustees reduced staff through a Reduction in Force ("RIF"). *Id.* at 10. Principals submitted lists of employees to be impacted by RIF for the Board

of Trustees's approval. *Id.* at 49. On March 28, 2011, Lee-Khan was informed her position would be eliminated. *Id.* at 11. She initiated an administrative grievance, but shortly thereafter voluntarily terminated it. Defendant's Motion to Dismiss at 2. She was not placed on the list of priority consideration for filling vacancies nor subsequently rehired. *Id.* at 11-21.

On February 19, 2013, Lee-Khan filed suit in this court against AISD, based on federal question and supplemental jurisdiction, alleging she was retaliated against for exercising her First Amendment rights of free speech and association, and also claiming race discrimination and breach of contract. *Id.* at 1-26. Lee-Khan's Complaint asserts three separate claims against AISD: (1) violation of § 1983, (2) violation of Title VII of the Civil Rights Act of 1964, and (3) Breach of Contract. *Id.* at 21-26. On April 11, 2013, AISD filed a motion to dismiss Lee-Khan's First Amended Complaint for failure to state a claim and lack of subject matter jurisdiction on the breach of contract claim. Defendant's Motion to Dismiss at 1.

**II**.     **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action, "for failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In reviewing a 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, a plaintiff's obligation to provide grounds for relief requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to, "state a claim to relief that is plausible on its face." *Id.* at 570 . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it, "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557.

### III.     Analysis

#### A.     Count 1: Violation of 42 U.S.C. § 1983

Section 1983 gives a person the ability to file suit against any person who under color of state law deprives them of "any rights, privileges or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Rather than creating substantive rights, § 1983 provides a remedy for rights that it designates. *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989). Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983. *Id*. at 1573-74.

##### 1.     Racial Discrimination and Retaliation Claims

In her Complaint, Lee-Khan argues AISD discriminated against her because of her race. Plaintiff's Amended Complaint at 21-24. Specifically, Lee-Khan asserts she was placed on the RIF list, not given priority consideration for filling vacancies, and not rehired because of her race. *Id.* Furthermore, she attempts to impose liability on the the ultimate decision-makers by contending that they were indifferent to the training of the decision-making of those involved. *Id.* at 3, 24.  Section 1983 is not an available remedy for the deprivation of a statutory right when the statute itself provides an exclusive remedy for violations of its own terms. *Johnston*, 869 F.2d at 1574. Title VII states that it is unlawful for an employer to discriminate against any individual because of race. 42 U.S.C. § 2000e-2. Title VII provides the exclusive remedy for a violation of its terms. 42 U.S.C.

§ 2000e-5; *Johnston*, 869 F.2d at 1573. Allowance of a remedy through § 1983 would sidestep the "detailed and specific provisions" of Title VII. *Irby v. Sullivan*, 737 F.2d 1418, 1429 (5th Cir. 1984).

Because Title VII provides the exclusive remedy for race discrimination in employment contexts, Lee-Khan must pursue claims against AISD for racially discriminatory employment practices pursuant to the process provided under Title VII. *See Irby*, 737 F.2d at 1429. The process requires a plaintiff to: (1) file a charge with the Equal Employment Opportunity Commission and (2) receive statutory notice from the Commission that it has been unable to obtain voluntary compliance (right-to-sue letter) before initiating an action in the United States district court. *Dent v. St. Louis-San Francisco Ry. Co.*, 406 F.2d 399, 403 (5th Cir. 1969). Because Title VII is the exclusive remedy for a claim of racial discrimination in employment, the § 1983 claim raising race discrimination must be dismissed.

### 2. First Amendment Retaliation Claim

In her Complaint, Lee-Khan argues AISD violated her constitutional rights of freedom of speech and association. Plaintiff's Amended Complaint at 21-24. Specifically, Lee-Khan asserts she was placed on the RIF list, not given priority consideration for filling vacancies, and not rehired, because of her involvement in protected activities. *Id.* To establish a § 1983 claim for First Amendment retaliation, a plaintiff must show: (1) she suffered an adverse employment action; (2) she spoke as a citizen on a matter of public concern; (3) her interest in her speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action. *Nixon v. City of Houston*, 511 F.3d 494, 497 (5th Cir. 2007).

An employee is not speaking as a citizen, but rather as an employee, when she makes statements pursuant to her official duties. *Id.* "Activities undertaken in the course of performing

one's job are activities pursuant to official duties, even if the employee is not required to undertake the activity." *Williams v. Dallas Indep. Sch. Dist.*, 480 F.3d 689, 693 (5th Cir. 2007). Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement. *Connick v. Myers*, 461 U.S. 138, 147-48 (1983). Expressing views inside the office, rather than publicly, is not dispositive of the issue. *Garcetti v. Ceballos*, 547 U.S. 410, 420 (2006). "Matters of public concern are those which can be fairly considered as relating to any matter of political, social, or other concern to the community." *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004). Examples of protected speech include, "making a public statement, discussing politics with a coworker, writing a letter to newspapers or legislators, or otherwise speaking as a citizen." *Davis v. McKinney*, 518 F.3d 304, 312 (5th Cir. 2008).

When employees are speaking as citizens about matters of public concern, that speech may only be restricted by the employer when necessary for the efficient and effective operations of the business. *Garcetti*, 547 U.S. at 419. When a government employee personally confronts her immediate superior, the employing agency's institutional efficiency may be threatened not only by the content of the employee's message, but also by the manner, time, and place in which it is delivered. *Connick*, 461 U.S. at 153. When an employee's speech concerning office policy arises from an employment dispute concerning the very application of the policy to the speaker, additional weight must be given to the supervisor's view that the employee has threatened the authority of the employer to run the office. *Id*.

With regard to the issue of whether Lee-Khan was speaking as a citizen on a matter of public concern, *Nixon*, 511 F.3d at 497, she identifies several activities as protected: testifying against AISD; filing complaints to district administrators about potential testing and scheduling violations;

5

the treatment of special education students; Assistant Principal Castro's treatment of her; and the way the RIF policy was being applied. Plaintiff's Amended Complaint at 5-12.

The Court disagrees that any of these matters qualify as matters of public concern, other than providing testimony against against AISD. *See Nixon*, 511 F.3d at 497; *Davis*, 518 F.3d at 312. An employee is not speaking as a citizen, but rather as an employee, when she makes statements pursuant to her official duties. *Nixon*, 511 F.3d at 497. As a counselor, it was part of Lee-Khan's official duties to advocate for students within the district. *See* Plaintiff's Amended Complaint at 8-10. Filing complaints with district administrators about potential testing and scheduling violations along with the treatment of special education students is advocating for students. Even if Lee-Khan was speaking as a citizen when she filed complaints about the way the RIF policy was being applied and Assistant Principal Castro's treatment of her, she was not speaking on matters of public concern. *See Davis*, 518 F.3d at 312. Lee-Khan's complaint about Assistant Principal Castro's treatment of her only involved an isolated argument. Plaintiff's Amended Complaint at 9. Discussions between employees concerning internal policy is of a personal interest not of concern for the community without a backdrop of a larger public debate. *See Davis*, 518 F.3d at 312; *Alexander*, 392 F.3d at 142. Lee-Khan's complaints about the way the RIF policy was being applied started only after the policy was applied to her, and almost all of her complaints addressed how the policy was being applied to her instead of the policy itself. Plaintiff's Amended Complaint at 5-21. They therefore addressed her personal interest in the application of the RIF policy, which is not a community concern. *See Connick*, 461 U.S. at 147-48; *Davis*, 518 F.3d at 312.

On the other hand, when she testified against AISD, Lee-Khan was speaking as a citizen on a matter of public concern because it was not part of her official duties to testify, and honest

6

testimony is of great concern to the public. *See Nixon*, 511 F.3d at 497; *Davis*, 518 F.3d at 312. Her interest in testifying as citizen by far out weighs AISD's interest in the efficient provision of public services. *See Davis*, 518 F.3d at 312. Therefore, because Lee-Khan alleges that this speech precipitated her adverse employment actions, she has sufficiently pled a § 1983 claim for First Amendment Retaliation. *See Nixon*, 511 F.3d at 497. However as discussed below, she has not sufficiently pled the elements of municipal liability for this claim.

### 3.     Municipal Liability

Local governments, municipal corporations, and school boards are "persons" subject to liability under § 1983 for violating another person's federally protected constitutional rights. *Monell v Dep't of Soc. Servs.*, 436 US 658, 694 (1978). Municipal liability under § 1983 requires proof of: (1) a policymaker, (2) an official policy, and (3) a violation of constitutional right whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 US at 694). Municipalities cannot be held liable under § 1983 on respondeat superior theory. *Monell*, 436 US at 691. School districts can only be bound by a principal or superintendent's action if: (1) policymaking authority was delegated or (2) she participated in a well settled custom that fairly represented official policy and (3) actual or constructive knowledge of the custom was attributable to the governing body or an official delegated policy making authority. *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1243 (5th Cir. 1993).

In its motion to dismiss, AISD argues the Court should dismiss Lee-Khan's § 1983 claim because Lee-Khan has not pled the essential elements of municipal liability. Defendant's Motion to Dismiss at 5. Specifically, AISD asserts that Lee-Khan has not identified any policy or practice that was the moving force behind a constitutional violation, nor does she assert that the purported

practice was so widespread that it fairly represents AISD's official policy or that Board had actual or constructive knowledge of a custom or practice. *Id.* at 8-10. Furthermore, AISD asserts that Lee-Khan does not distinguish between policy implementation (decision-making) and policymaking. *Id.* at 9. It states that the district's Board of Trustees is the final policymaker, and Lee-Khan does not allege any facts showing that the Board delegated policymaking authority. *Id.* at 11.

Under Texas law, a independent school district's final policymaker is the Board of Trustees. TEX. EDUC. CODE § 11.151. Lee-Khan does not allege that the Board took any discriminatory action against her. Plaintiff's Amended Complaint at 1-78. She does allege that the Board's RIF policy gave principals specific authority in executing it and that principal Galvan and the Human Resources Department took discriminatory action against her. *Id.* at 10-11. The Board did not delegate policymaking authority to principal Galvan or the Human Resources Department. *Id.* at 45-47. Municipalities are only liable under § 1983 for their policymaker's action, not the action of their decision-makers: there is no liability under respondeat superior theory. *Monell*, 436 US at 691. Furthermore, school districts can only be bound by a principal's action if policymaking authority was delegated, or she participated in a well settled custom that fairly represented official policy. *Jett*, 7 F.3d at 1243. The only official policy Lee-Khan specifically identifies is the RIF policy, which is facially objective. Plaintiff's Amended Complaint at 8-49. The decision criteria listed is job code, performance, seniority, and professional background. *Id.* at 46. In addition, employees who initiated an administrative grievance were given priority consideration for open positions until their requested hearing. *Id.* Lee-Khan alleges AISD had a custom of retaliating against individuals who spoke out against it. *Id.* at 3-14. However, the only actions pled are in reference to herself and do not involve other employees. *Id.* at 11-21. This does not show a wide spread custom that fairly represents the

Board's policy because for a custom to represent official policy it must be common and well-settled. *See Piotrowski*, 237 F.3d at 579. As such, Lee-Khan has not alleged a policy or custom that was the moving force behind her alleged constitutional violation. *See Id.*

### B.   Count 2: Violation of Title VI of the Civil Rights Act of 1964: 42 U.S.C. § 2000d

Title VI provides that, "no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 42 U.S.C. § 2000d. Actions are not authorized with respect to any employment practice except where a primary objective of the federal financial assistance is to provide employment. 42 U.S.C. § 2000d-3. Courts have consistently concluded there is no claim for vicarious liability under Title VI. *Vouchides v. Houston Cmty. College Sys.*, 2011 U.S. Dist. LEXIS 112609, 16 (S.D. Tex. Sept. 30, 2011). Private causes of action under Title VI were not expressly created by Congress, but have been implied by the judiciary. *Guardians Ass'n v. Civil Serv. Comm'n*, 463 U.S. 582, 597 (1983). Absent clear congressional intent or guidance to the contrary, relief in private actions is limited to declaratory and injunctive relief ordering future compliance with the declared statutory and regulatory obligations. *Id.* at 598. Additional relief in the form of money damages or other equitable relief based on past violations is not available under Title VI. *Id.*

In her Complaint, Lee-Khan argues AISD used federal funding under Title I in part to violate her constitutional rights. Plaintiff's Amended Complaint at 25. Specifically, she asserts that AISD's racially discriminatory employment actions against her misused this funding. *Id.* Lee-Khan seeks monetary and equitable relief for this alleged violation of Title VI. *Id.* at 26-27. In its motion to

dismiss, AISD argues the Court should dismiss Lee-Khan's Title VI claim because her claim appears to be based on vicarious liability. Defendant's Motion to Dismiss at 14-15. Furthermore, AISD asserts that the remedies Lee-Khan is seeking are not available under this claim. In her response, Lee-Khan submits that principal Galvan's execution of her statutory duties, hiring and firing, is sufficient to claim municipal liability based on those actions. Plaintiff's Response in Opposition to Defendant's Motion to Dismiss at 17.

The remedies Lee-Khan is seeking, monetary damages and reinstatement, cannot be awarded under a Title VI claim as it only provides prospective injunctive relief. *See Guardians Ass'n*, 463 U.S. at 598. Furthermore, Lee-Khan only alleges that principal Galvan took racially discriminatory actions against her, not the Board. Plaintiff's Amended Complaint at 1-78. Vicarious liability through principal Galvan's actions does not support a Title VI claim. *See Vouchides*, 2011 U.S. Dist. LEXIS 112609 at 16; *Griffin v. Spokane Pub. Sch. Dist. No. 81*, 2011 U.S. Dist. LEXIS 20110, 3 (E.D. Wash. Feb. 15, 2011) (finding the mere fact individuals are employed by the school district does not make the school district liable for any discriminatory acts committed by those individuals); *Santos v. Peralta Cmty. College Dist.*, 2009 U.S. Dist. LEXIS 106143, 21 (N.D. Cal. Nov. 13, 2009) (holding that because Titles VI and IX operate in the same manner, the Supreme Court's ruling that an entity can not be held vicariously liable for an employee's conduct pursuant to Title IX implies an entity cannot be held vicariously liable for an employee's conduct pursuant to Title VI).

### C. Count 3: Breach of Contract

In her Complaint, Lee-Khan asserts immunity has been waived for this claim under § 271 of the Local Government Code, and that this Court has jurisdiction through its supplemental authority, 28 U.S.C. § 1367. Plaintiff's Amended Complaint at 2-4. In its motion to dismiss, AISD argues

immunity has not been waived; while § 271.152 provides a limited waiver for certain breach of contract claims brought in state court, § 271.156 does not grant the waiver for claims brought in federal court. Defendant's Motion to Dismiss at 5. Breach of contract is a state law claim. Because this Court has dismissed Lee-Khan's federal claims, the undersigned recommends that the district judge choose, pursuant to 28 U.S.C. § 1367, not to exercise any supplemental jurisdiction it may have over the claim. *See United Mine Works v. Gibbs*, 383 U.S. 715 (1966).

## IV.   Recommendation

In light of the foregoing discussion, the Magistrate Judge **RECOMMENDS** that the District Judge **DISMISS WITH PREJUDICE** Helen Lee-Khan's § 1983 and Title VI claims pursuant to Rule 12(b)(6). The Magistrate Judge **FURTHER RECOMMENDS** that the District Judge **DISMISS WITHOUT PREJUDICE** Helen Lee-Khan's breach of contract claim pursuant to 28 U.S.C. § 1367.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 31st day of July, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE